### S. H. GLIDEWELL *v.* THOMAS JOHNSON'S ADMRS.

[Abstract Kentucky Law Reporter, Vol. 7—525.]

**Homestead Claim Subject to Lien Notes.**
> Where lien notes are held for the purchase-money of real estate no homestead can be asserted against it.

### APPEAL FROM LOGAN CIRCUIT COURT.

January 12, 1886.

OPINION BY JUDGE PRYOR:

The confused condition of the record, made so by the pleadings in this case, has rendered it difficult to understand the attitude the parties occupy the one to the other in the effort to assert their various liens. When the facts connected with the history of this transaction or the various transactions between the parties are condensed or brought within such a compass so that the issues may be fully comprehended, it is made to appear that in 1876 Glidewell and wife executed to Woodard and Brooks a mortgage on two several tracts of land to secure the payment of certain sums of money. One of the tracts contained one hundred eighty acres and the other one hundred eight acres. In 1877 Moberly brought suit against Glidewell, Woodard and Brooks to set aside this mortgage, alleging a state of facts that if true brought the transaction within the act of 1856 against such preferences by the debtor.

Moberly's action was dismissed and he is not a party to this ap-

peal. The bringing of that action, however, brought other parties into court who are asserting liens on this land. In 1876 Thomas Johnson, who is now dead, loaned Glidewell the sum of $840, and took as collateral security two notes that had been executed by Glidewell to James Patterson for the one hundred eighty acres tract of land that had been mortgaged to Woodard and Brooks. The administrators of Johnson are asserting their lien on the land as superior to the mortgage lien of Woodard and Brooks. Thomas Gaines had purchased this land of Patterson and then sold it to Glidewell, Patterson making to the latter a deed. Gaines alleges that in the deed to Glidewell a lien should have been retained for the notes due him, and that such was the express contract between, the parties, but by mistake no lien was retained, but that when Johnson took the lien note due Patterson he knew of Gaines' lien, and its existence was also known by Brooks and Woodard.

The wife and children of Glidewell are asserting a right to a homestead in the one hundred eighty acres tract, and the wife is also claiming the one hundred eight acres tract in her own right, and that by the fraud of her husband she was induced to sign the mortgage. There is no controversy, however, on this appeal as to the smaller tract of land, and the only issue presented here is in reference to the claim of Johnson's administrators. They were allowed a lien for the notes pledged by Glidewell as collateral security on the larger tract (one hundred eighty acres), and these administrators are the only appellees here, Brooks and Woodard, by Maxwell, who is claiming their interest, insisting that Johnson had no lien, and the wife of Glidewell claiming that she is entitled to a homestead. The testimony shows conclusively that the notes executed by Glidewell to Patterson were placed by Glidewell in the hands of Johnson to secure the payment of the $840. Gaines is the man who was entrusted with the two notes, and they were surrendered to him by Patterson that they might be delivered to Johnson. It is not shown that Glidewell had paid these notes to Patterson, but on the contrary it is plain that Patterson consented to their being held by Johnson to indemnify him in the payment of the money loaned by him to Glidewell. Glidewell, it is true, was the obligor in the note to Johnson and in the two notes to Patterson, but this did not prevent the obligee in the lien notes, who was Patterson, from placing them with Johnson as a security for the $840.

The testimony of Glidewell and of Gaines leaves no doubt as to the propriety of the judgment below, and the right of Johnson's administrators to enforce the lien is unquestioned, unless the statements made by Glidewell in his last deposition in behalf of Maxwell, who was the assignee of Brooks and Woodard, changes the result. When testifying for the lienholders against Brooks and Woodard the case is made out for Johnson's administrators, but where that judgment is vacated and Maxwell appears as the assignee of Brooks and Woodard, then it appears from the proof of Glidewell that no line had been retained by Johnson, or in other words Johnson had released all of his liens with a view of giving others a preference over him, and agreed to look alone to an insolvent for his debt. Glidewell in his last deposition says that Johnson agreed to let him have more money, amounting in all, including the $840 note, to over $2,000, and was to take a mortgage on the two tracts of land; that he had the mortgage prepared and executed when Johnson refused to let him have any more money; that when he executed the mortgage Johnson surrendered to him the $840 note and the two lien notes, and was to look to the mortgage alone, and when concluding not to advance any more money on the mortgage he then agreed to look to him, Glidewell, alone without any security.

It appears, however, that Johnson left at his death the two lien notes in his possession, and that the $840 has never been paid. That Brooks and Woodard knew of this lien is evident, and besides the deed retaining the lien is notice to all subsequent purchasers. The attempt has been made to show by Glidewell that Johnson notified Brooks and Woodard, or any of them, that he should not look to his lien, and upon the faith of that statement Brooks and Woodard took their mortgage. It is unreasonable in the first place to suppose that Johnson would have released all his liens for the benefit of Brooks and Woodard, and equally as unreasonable that Glidewell should fail to have made some statement of such an important fact in his first deposition. He says he gave back to Johnson the two lien notes after the latter had surrendered all liens, and when Johnson had no claim upon them or right to their possession in any way. These parties must have had some knowledge of business transactions, and the statement of Glidewell is so inconsistent with any rational view of this case that no chancellor ought to ignore the claim of Johnson upon his deposition. We have no doubt of the

failure of Glidewell to realize more money on his mortgage than had already been advanced, and are equally as well satisfied that Johnson held these lien notes to secure him. Johnson is dead and no explanation can be made for him by others as to his possession of the lien notes. The statement of the debtor, Glidewell, if competent, made out Johnson's case once, and his second deposition detailing the nature of the transaction is so inconsistent with the manner of conducting business and so directly in conflict with the facts of this case that but little weight should be attached to it.

The lien existed and besides was for the purchase-money, and no homestead can be asserted against it.

Judgment *affirmed.*

*B. F. Proctor, G. B. Edwards, E. W. Hines,* for appellant.
*Wright & McElroy,* for appellees.

